## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISON

| | | |
|---|---|---|
| CHASING RABBITS, LLC, | ) | |
| | ) | Case No. _____ |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CHASING TEA LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff CHASING RABBITS, LLC ("Chasing Rabbits" or "Plaintiff") brings this action pursuant to 15 U.S.C. §§ 1114 and 1125 and S.C. Code Ann. § 39-5-20 *et seq*., seeking injunctive relief and damages against Defendant CHASING TEA LLC ("Defendant") for trademark infringement and counterfeiting, unfair competition, and unfair and deceptive trade practices, and alleges as follows:

## PARTIES

1.      Plaintiff is a company formed under the laws of the state of California, having a place of business at 4318 Redwood Hwy Unit 100, San Rafael, California, 94903.

2.      Defendant, on information and belief, is a limited liability company formed under the laws of the State of South Carolina, doing business as "Chasing Rabbits Tea Company," and having a principal place of business at 131 East McBee Avenue, Greenville, South Carolina, 29601.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and S.C. Code Ann. § 36-2-802.

5.     On information and belief, Defendant is organized under the laws of, and maintains its principal place of business in, the state of South Carolina, and is subject to general personal jurisdiction in this State and District by virtue of its contacts here.

6.     Venue is proper in this Court under the provisions of 28 U.S.C. § 1391 and in this Division pursuant to Local Civ. Rule 3.01(A) (D.S.C.). Defendant is located in this District and Division, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District and Division, and Defendant is subject to general personal jurisdiction in this State.

## FACTUAL BACKGROUND

7.     Plaintiff is in the business of selling beverage products that are distributed throughout the United States. Plaintiff also invests in ongoing development of new flavors and packaging for products that Plaintiff will sell throughout the United States.

9.      Plaintiff is the owner of U.S. Trademark Registration Nos. 3,938,075 and 5,280,866 for CHASING RABBITS ("CHASING RABBITS marks"), directed to International Class 032, and US Classes 045, 046, and 048, including goods and services identified as non-alcoholic beverages, namely, carbonated beverages; sports drinks, namely, energy drinks. Plaintiff's CHASING RABBITS marks were first used in commerce in connection with such goods as early as 2010. U.S. Trademark Registration No. 3,938,075 issued on March 29, 2011,

from an application filed on August 25, 2010. U.S. Trademark Registration No. 5,280,866 issued

on September 5, 2017 from an application filed on February 10, 2017.

10.    Plaintiff's beverage products are sold under the CHASING RABBITS marks.

Plaintiff has used the CHASING RABBITS marks for a number of years as the dominant portion

of its trade name and trademark to promote and sell its beverages in interstate commerce. Plaintiff

has made extensive use of the CHASING RABBITS marks.

11.    Plaintiff is the exclusive manufacturer of CHASING RABBITS beverages,

including teas. *See, e.g.*, Chasing Rabbits, https://chasingrabbits.com, last visited Feb. 15, 2019.



12.    On information and belief, Defendant is engaged in the business of making, using,

offering for sale, selling, and importing through established streams of commerce throughout the

3

United States, including to customers and potential customers in this State and District, beverage products, including "over 80 different tea options" (hereinafter, "Defendant's Beverages"). *See, e.g.*, Chasing Rabbits Tea Company Facebook Post, November 29, 2018 (using "#chasingrabbitstea" to advertise Defendant's Beverages through Facebook).



13.     On information and belief, Defendant has been distributing, advertising, offering for sale and selling, and presently are offering for sale and selling, Defendant's Beverages throughout the United States, including to customers and potential customers in this State and District. *See, e.g.*, Chasing Rabbits Tea Company Facebook Post, March 8, 2018 (comment by "calamitykate220": "Tons of tea…literally tons…and thousands of labels. Love you forever." and "linzande": "I'm visiting Greenville at the end of the month and I am SO EXCITED to come by!! I miss my favorite tea store!!").



14.    Defendant uses the CHASING RABBITS designation in connection with the distribution, advertisement, offer for sale, and sale of Defendant's Beverages. *See, e.g.*, Defendant's pre-packaged loose leaf tea sold under the name "Chasing Rabbits Tea Co."



15.     The CHASING RABBITS designation used by Defendant for Defendant's Beverages is identical to the CHASING RABBITS mark owned and used by Plaintiff.

16.     Defendant's Beverages are identical and/or substantially similar to Plaintiff's beverages sold under the CHASING RABBITS marks, and both Defendant's and Plaintiff's Beverages are sold to the same class of consumers through the same channels of trade.

17.     Defendant's unauthorized use of the CHASING RABBITS marks in connection with Defendant's Beverages is likely to cause confusion among consumers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's Beverages with or by Plaintiff.

18.     Plaintiff's name, reputation, and goodwill are suffering and will continue to suffer as a result of Defendant's unauthorized use of the CHASING RABBITS marks, given that Defendant's customers will associate any issues with Defendant's Beverages as emanating from Plaintiff.

19.     Plaintiff has sent three letters (on December 5, 2016, November 4, 2017. and January 23, 2019) to Defendant demanding that Defendant cease the unauthorized use of the CHASING RABBITS mark (attached as Exhibits A, B, and C). On information and belief, Defendant continues to use Plaintiff's mark. Defendant's actions have been intentional, willful, malicious, and in complete disregard of Plaintiff's trademark rights.

20.     Defendant's activities have caused and will continue to cause damage to Plaintiff by, *inter alia*, harming Plaintiff's sales, distribution, goodwill, and reputation.

21.     Plaintiff is suffering damage as a result of Defendant's acts in an amount not yet determined.

22.     Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff through injury and loss to Plaintiff's business, reputation, and goodwill.  Plaintiff has no adequate remedy at law to redress these injuries.

### COUNT I
### Trademark Infringement – 15 U.S.C. § 1114

23.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

24.     Plaintiff owns valid and enforceable trademark rights in the CHASING RABBITS marks.

25.     Plaintiff has the exclusive right to use the CHASING RABBITS marks in commerce in connection with the goods recited in its trademark registration, including, without limitation, non-alcoholic beverages.

26.     In connection with the sale, offering for sale, distribution, and/or advertising of beverage products, Defendant has knowingly and willfully infringed Plaintiff's rights in its federally-registered CHASING RABBITS marks by virtue of its distribution and sales of identical and/or substantially similar beverages under the same name and in the same channels of trade, which use is likely to cause confusion, or to cause mistake, or to deceive..

27.     As a result of Defendant's willful and intentional infringement, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

28.     Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a).

29.     Defendant's unauthorized use of the CHASING RABBITS marks, in violation of 15 U.S.C. § 1114, has caused irreparable injury to Plaintiff's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's rights in the CHASING RABBITS marks.

30.     Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### COUNT II
### Unfair Competition – 15 U.S.C. § 1125(a)

31.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

32.     Defendant's use of the CHASING RABBITS marks in connection with the sale, offering for sale, distribution, and/or advertising of beverages by Defendant, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's beverages by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

33.     Defendant has competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition.

34.     Defendant has knowingly and willfully infringed Plaintiff's rights in the CHASING RABBITS marks by virtue of Defendant's use in commerce of the CHASING RABBITS marks in connection with its own non-alcoholic beverage products.

35.     As a result of Defendant's acts of unfair competition as alleged herein, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

36.     Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a).

37.     Defendant's acts of unfair competition have caused irreparable injury to Plaintiff's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue its acts of unfair competition.

38.    Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### COUNT III
### Unfair Trade Practices – S.C. Code Ann. § 39-5-20 *et seq.*

39.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

40.    Defendant's acts alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

41.    Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices, within the meaning of S.C. Code Ann. § 39-5-20 *et seq.* and South Carolina common law.

42.    Plaintiff has been damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to S.C. Code Ann. § 39-5-20 *et seq.* and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, attorney's fees, costs, and treble damages pursuant to S.C. Code Ann. § 39-5-140, together with any and all amounts to be shown at trial.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of a judgment:

1.    Holding that Defendant has infringed the CHASING RABBITS marks;

2.    Permanently enjoining Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using the CHASING RABBITS marks, or any other mark, word, name, symbol, or slogan which is likely to cause

confusion, mistake, or deception with respect to Plaintiff's CHASING RABBITS marks, pursuant to 15 U.S.C. § 1116(a);

3.       Ordering Defendant to pay all actual damages suffered by Plaintiff as a result of Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

4.       Ordering Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

5.       Granting Plaintiff an additional monetary award against Defendant to account for Defendant's unlawful conduct, according to the circumstances of the case;

6.       Granting Plaintiff treble damages and attorney's fees, and other costs due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. § 1117(a) and S.C. Code Ann. § 39-5-140;

7.       Ordering that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a);

8.       Granting Plaintiff equitable relief, including permanent injunction against further acts of infringement, in order to stop the harm caused to Plaintiff;

9.       Awarding Plaintiff pre-judgment and post-judgment interest;

10.     Awarding such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

*[signature page to follow]*

DATED:  May 3, 2019                    Respectfully submitted,

                                                  **HAYNSWORTH SINKLER BOYD, P.A.**

                                                  By:  s/ Steve A. Matthews
                                                        Steve A. Matthews
                                                        Federal ID No. 5119
                                                        smatthews@hsblawfirm.com
                                                        803.540.7827

Facsimile:      803.765.1243
1201 Main Street  (29201-3226)
P.O. Box 11889  (29211-1889)
Columbia, South Carolina


James C. Otteson
[*pro hac vice* application pending]
**DECHERT LLP**
2440 W. El Camino Real, Suite 700
Mountain View, CA, 94040-1499
(650) 813-4816
jim.otteson@dechert.com

Daniel R. Roberts
[*pro hac vice* application pending]
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA, 19104-2808
(215) 994-2271
daniel.roberts@dechert.com


*Counsel for Plaintiff Chasing Rabbits, LLC*

11