UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC CLERK, GREENVILLE, SC
2019 MAY 30 AM 10:03

| | |
|---|---|
| CHASING RABBITS, LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> CHASING TEA, LLC, <br><br> **Defendant.** | Case Number: <br> 6:19-CV-01305-TMC <br><br> ANSWER |

## DEFENDANT'S ANSWER

The Defendant answer the Complaint as follows:

## FOR A FIRST DEFENSE

I.	The Complaint fails to state a claim for which relief must be granted.

## ANSWER

Each allegation of the Complaint which is not expressly admitted is denied. Further, Defendant responds to the allegations of the Complaint by paragraph number as follows:

1.	Admitted

2.	Admitted

3.	Admitted

4.	Admitted

5.	Admitted

6. Defendant admits the venue is proper, this Court has personal jurisdiction over Defendant, and Defendant is located in the District. However, Defendant denies Defendant has partaken in any events which would give rise to Plaintiff's claims.

7. Defendant is without sufficient information to either admit or deny the allegations contained in the instant paragraph. Based on information listed on the Plaintiff's website, Chasing Rabbits LLC is a wholesale distributor of ready to drink canned energy drinks purchased at retail from vending machines and food marts in Northern California and possibly Hawaii. No information shows nationwide distribution. Using this information, it does not appear that the Plaintiff's products are available to be purchased at retail by individuals through e-commerce. Perhaps, Plaintiff hopes to widen his distribution despite being unsuccessful in doing so in his eight (8) years of business thus far. Until his contact, we nor anyone we have ever spoken to has ever heard of his product as it is not sold in South Carolina or the surrounding area. We have never encountered a guest walking into our store under the misunderstanding that we sell any merchandise from Chasing Rabbits LLC.

Exhibit A: Evidence Plaintiff is exclusively selling in Northern California. Website reads "Our new "healthier" and "better-for-you" low-glycemic Alternative Energy Vitality Tea is coming soon along with a new interactive map and updated Northern California retailer locations!" Source: www.chasingrabbits.com/store-locator



Exhibit B: Evidence Plaintiff is not selling his product using e-commerce. Attempts to purchase the Plaintiff's products online is not possible. Source: www.chasingrabbits.com/shop



8.  Plaintiff skipped Paragraph 8 in their numbering.

9.  Admitted

10. Defendant admits Plaintiff sells products under Chasing Rabbits marks; however, Defendant is without sufficient information to either admit or deny how "extensively" said mark has been

used in interstate commerce, for it has not been marketed or sold in Greenville, South Carolina. Defendant could not find sufficient evidence of Plaintiff's products being marketed or sold in any State outside of California.

11. Defendants admits Plaintiff manufactures ready-to-drink canned energy drinks under the mark of Chasing Rabbits; however, the Plaintiff's original product was a canned energy beverage and did not contain tea as a dominant ingredient. They have since decided to branch into the canned tea market. This expansion came over two years after the Defendant had been doing business as Chasing Rabbits Tea Company.

12. Denied. Defendant is doing business solely through a "brick and mortar" retail store and tea bar located at 131 East McBee Avenue, Greenville, South Carolina. Defendant packages and sells unprepared loose-leaf tea under the referenced label "Chasing Rabbits Tea Co." which includes our original artwork and design. Our business also sells teaware, brewing equipment, and gift items none of which are branded with our name. In addition, customers visiting the store may purchase individual freshly brewed cups of loose-leaf tea, bubble teas, tea smoothies, lattes, and frappes all served in unbranded, clear plastic cups. All of our products are sold exclusively from one location in Greenville, South Carolina. We do not sell through e-commerce channels or offer our merchandise to be sold in any location outside of the previously mentioned address.

13. Defendant admits only to distributing, advertising, offering for sale, and selling the items mentioned in Answer Paragraph 12 in Greenville, South Carolina, from 131 East McBee Avenue. The comment made by "calamitykate220" quoted in the lawsuit is taken out of context. "Calamitykate220" is Kate Judge, a long time friend of the owners. Her comment refers to the three days spent helping us in 2016 preparing to open the store. It was a comical exaggeration of

an inside joke. Also quoted in the lawsuit was "linzande." Liz is a previous resident of Greenville and again a close friend. Her comment is not evidence of our reach going beyond Greenville, but rather a former customer excited to visit her hometown. Using these comments as evidence shows both a gross misunderstanding of the general use of social media and further demonstrates that we are a small, local business not selling outside of our Greenville demographic.

14. Admitted.

15. Denied. The Defendant's logo and packaging design were custom made for our company and were submitted for print before first contact was made by the Plaintiff. Defendant had no knowledge of Plaintiff's product when designing the logo. Plaintiff has included in his logo and trademarked "three white jumping rabbits," our package design includes a singular brown rabbit sleeping in a full cup of tea. The fonts in our logo were custom built for our design. In addition I have listed the differences in our packaging as follows:

- An aluminum can vs. a kraft food safe bag
- Block lettering vs. a custom designed script and sans serif font.
- Neon colors vs. custom designed jewel tones.
- Three jumping white rabbits vs. a brown sleeping bunny in a teacup.
- 12 fluid ounces vs. 4 dry net ounces.
- Carbonated prepared beverage vs. unprepared dry good.

Exhibit C: Plaintiff and Defendant's logo, markings, and products for comparison.

  

The Plaintiff's product.

Our product being sold in the bag pictured above.
The product inside the bag is the loose leaf tea pictured above.

16. Denied. The products sold by the Plaintiff are not being sold from a brick and mortar store in Greenville, South Carolina; Plaintiff's products are being produced and sold in bulk and distributed by a third party on the West Coast. Unless Plaintiff is handing individual cans of energy drink to each customer, we are not operating on the same channels of trade.

Exhibit D: Evidence Plaintiff is selling through wholesale and bulk distribution.



17. Denied. It is highly improbable Defendant's retail store in Greenville, SC would cause confusion, deception, or create a false connection in the aforementioned vastly different and separate marketplaces. Defendant's product and use of the name Chasing Rabbits Tea Company poses no threat to the profits of Chasing Rabbits, LLC. Once again, our products are not similar in appearance, ingredients, use, preparation, packaging, marketing, and Defendant's tea will never be sold as a ready-to-drink canned beverage. Defendant has no plans to sell in bulk to grocery stores or other third-party retailers. The idea that the average consumer cannot tell the difference between a canned liquid and unprepared tea is irrational. Defendant has never encountered a consumer who opened a bag of tea expecting a liquid product inside. The defendant has never encountered a customer entering our store expecting to find the Plaintiff's products nor assuming any association with the Plaintiff. Defendant has never encountered a customer who has previously heard of another product with the name "Chasing Rabbits."

18. Denied. Defendant's store has 5 star reviews across several review sites (Google 4.9, Yelp 4.5, Facebook 4.9, Trip Advisor 5.0, Urbanspoon 5.0). None of which reference any affiliation with the Plaintiff. However, Chasing Rabbits Energy Beverage is rarely reviewed and the reviews Defendant has been able to locate were dominantly negative and given 1 star. The Defendant does not stand to financially gain being associated with the Plaintiff's poorly reviewed product. There is no evidence of a customer reviewing the Plaintiff's product under the influence they are in fact reviewing the Defendant's store and vice versa.

19. Defendants admits to have receiving and responding to correspondence dated December 5, 2016 and November 4, 2017; however, it appears the correspondence sent January 23, 2019 was delivered to an incorrect residential address. Further, Defendant was the recipient of numerous harassing, abusive, and profane telephone calls from the Plaintiff and his representatives. The remaining allegations in Paragraph 19 are denied.

20. Denied. Defendant references the information enumerated in Paragraph 18.

21. Denied.

22. Denied.

23. Defendants reasserts all admissions and denials.

24. Admitted

25. Defendant admits Plaintiff holds the Chasing Rabbits marks; however Defendant denies any such infringement based upon comparative uses and sales. The phrase "Chasing Rabbits" is not unanimously associated with the Plaintiff as is it a common phrase used and associated with a large variety of goods and services.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant reasserts all previous admissions and denials.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendant reasserts all previous admissions and denials.

40. Denied

41. Denied

42. Denied

43. Plaintiff's Request for Relief is denied. Within the request for relief the the Plaintiff is asking for monetary compensation against the Defendant and asks that we "disgorge all profits." The Plaintiff is claiming entitlement to profits that do not exist as our store has yet to operate within a profitable margin. We don't take home any salary from the store and we are the sole employees.

WHEREFORE, having fully answered Plaintiffs' Complaint and having set forth an affirmative defense, Defendant prays that the Complaint be dismissed with costs taxed to Plaintiffs and for such other and further relief as the Court may deem to be just and proper.

Respectfully submitted, this, the 30 day of May, 2019.

_____
Tracie Combs, Co-Owner
Chasing Tea, LLC
131 East McBee Avenue
Greenville, South Carolina 29601
Phone: (864) 248-0544